## GANCHOFF v. HOME OWNERS' LOAN CORPORATION et al.

No. 8523.

Circuit Court of Appeals, Seventh Circuit.

May 16, 1944.

Rehearing Denied June 15, 1944.

Christo P. Ganchoff, of West Allis, Wis., for appellant.

Arnold C. Otto, of Milwaukee, Wis., Bettin Stalling, Melvin E. Fink, and Leo N. McGlinn, all of Chicago, Ill., and Ward Dunphy and Wm. H. Churchill, both of Milwaukee, Wis., for appellees.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Plaintiff appeared in person and filed a complaint wherein he sought to recover damages, as well as to set aside a note and mortgage which he asserts were obtained illegally. His complaint and supplemental pleadings were 214 pages long and had many exhibits attached, one of which was a copy of a "Supplementary Record" of proceedings had in the Wisconsin Supreme Court, which record contained 82 pages of printed matter. The findings and decree of the court entered therein, and the record on appeal to the Supreme Court of the State of Wisconsin, all appear. We refer to the opinion of the Wisconsin state court for a statement of plaintiff's grievances. In that suit, plaintiff was represented by counsel. The trial was evidently a complete one, and findings of fact and conclusions of law, and a judgment were all duly made and entered. From an examination of the transcript in the Supreme Court of Wisconsin and the opinion of that court, it appears that plaintiff's grievance was there fully presented, considered, and rejected. The plaintiff has made all these proceedings a part of his complaint by incorporating them in his affidavit supporting his complaint. The District Court was fully informed.

The instant suit differs from the suit in the Wisconsin Court in an unimportant respect. Plaintiff in this suit made certain lawyers and the Home Owners' Loan Corporation, who participated in the state court suit, parties defendant and sought to include them in the decree he here seeks.

The opinion of the Wisconsin Supreme Court and the findings of the Wisconsin Circuit Court leave little to be said here. The District Court, however, filed a memorandum wherein he discussed an additional defense, namely, the statute of limitations. In that memorandum he ordered the dismissal of the suit.

We agree with the District Court that the plaintiff's asserted cause of action was barred by the Wisconsin statute of limitations.

We however, go further and say that upon the record before the court, which included the Wisconsin Circuit and Supreme Courts' proceedings, plaintiff had no cause of action. There was no fraud shown. The decision of the Wisconsin Supreme Court was a final determination of the issues on the merits. That judgment ended the controversy and determined the issues there involved. It is binding on plaintiff in all other courts.

We wish to observe that, while the statute of limitations would be a bar to the plaintiff's right to recover, if he had a cause of action, it should be also said in justice to the accused defendants that there never was any fraud by them practiced upon which the plaintiff could justifiably base a cause of action. This was the finding of fact upon which the judgment in the state court was based. It appears as part of plaintiff's complaint. It is not reviewable in another court.

The decree is

Affirmed.